United States District Court
Southern District of Texas
**ENTERED**
November 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ALEJANDRA MOLINA HERNANDEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00363** |
| | § | |
| **ORLANDO PEREZ, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On March 11, 2026, Petitioner Alejandra Molina Hernandez filed her Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). On March 19, 2026, Respondents filed their Response to Petitioner's Petition for Writ of Habeas Corpus and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. 7.) On March 23, 2026, Petitioner filed a Response to Respondents' Motion for Summary Judgment. (Dkt. 8.) On August 31, 2026, Respondents filed an advisory stating that Petitioner was released from ICE custody on June 5, 2026. (Dkt. 12.)

On August 31, 2026, the Parties additionally filed a self-effectuating Stipulation of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Dkt. 13); *see* Fed. R. Civ. P. 41(a)(1)(A)(ii). Typically, "a voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461–63 (5th Cir. 2010) (quoting *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004)). Because a stipulation of dismissal filed under "Rule

41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action." *SmallBizPros, Inc.*, 618 F.3d at 463.

The Stipulation of Voluntary Dismissal, signed by counsel for all Parties, notifies the Court that the Parties dismiss the action, with each party to bear its own costs, expenses, and fees. (Dkt. 13 at 1.) Because the Stipulation of Voluntary Dismissal, (Dkt. 13), is effective upon its filing, and because Petitioner was released from ICE custody on June 5, 2026, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is moot because she has now been released from confinement and there is no possible relief to be effectuated. *See Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified) ("A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party.")

Accordingly, the Court **DISMISSES** all claims without prejudice. The Court **DISMISSES WITHOUT PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), and Respondents' Response to Petitioner's Petition for Writ of Habeas Corpus and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, (Dkt. 7).

The Court now enters final judgment. The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

IT IS SO ORDERED.

SIGNED this November 20, 2026.

Diana Saldaña
United States District Judge